## M. LINDLEY *v.* THE STATE.

1. CHARGE OF THE COURT. — A correct definition of the offence charged in the indictment must be given to the jury; and when the evidence of a necessary element of the offence is purely circumstantial, the jury should be instructed on the requisites of that species of proof.

2. SAME — THEFT. — An essential part of the definition of theft is that the property was taken without the consent of the owner, or of the person holding the possession of it.   This must not be ignored in the instructions given the jury.

APPEAL from the District Court of Tarrant.   Tried below before the Hon. J. A. CARROLL.

The stolen animals were found ·in Tarrant County, where the prosecution was had. Their owner, however, lived in Navarro County, and testified at the trial ;· but neither his testimony, nor any other, states directly in what county the animals — a mare and a gelding — were taken. From the facts stated, it appears reasonable to infer that they were taken in Navarro County.

The jury allotted the appellant fifteen years in the penitentiary.

*Ball & McCart*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. In order to convict the defendant, agreeably to the statement of facts, it became necessary for the jury to determine from the evidence that the animal or animals charged to have been stolen from the alleged owner were taken in Navarro County. On this question the evidence was purely circumstantial, which rendered it necessary for the judge to give to the jury an appropriate charge on circumstantial evidence. This the court failed to do. In charging a jury in a case of theft, it is incumbent on the judge to give the jury an accurate definition of the crime, either in the language of the law or in his own language. It is a part of the definition of the offence of theft that the property was taken without the consent of the owner, or the person holding possession of the property.

" Theft is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." Penal Code, art. 724. The judge, in defining the offence in his charge, omitted to inform the jury, among the other things necessary for them

to believe from the testimony, that they must believe that the property was taken without the owner's consent.

On account of these errors in the charge of the court, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*